IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

In the matter of:

DORED SHIBA,

      Plaintiff,

v.

ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security,

      Defendant.

Case Number: 22-cv-2357

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, DORED SHIBA ("Plaintiff"), by and through his attorney, CHRISTINA ABRAHAM, complaining of Defendant ALEJANDRO MAYORKAS in his official capacity as Secretary of the Department of Homeland Security ("Defendant") for violations of the Rehabilitation Act of 1973. In support thereof, Plaintiff alleges as follows:

### Introduction

1. Plaintiff is a disabled person within the meaning of the Rehabilitation Act, as amended. He suffers from conditions which affect his back, neck, legs and from which he experiences chronic migraines on a daily basis. Plaintiff began working at USCIS in April of 2007. On June 8, 2007, Plaintiff experienced an injury at work. Defendant did not believe his injury claim was legitimate, and so challenged the claim. The US Department of Labor ("USDOL") investigated the matter and determined that Mr. Shiba's injury claim was credible. In 2010, Defendant terminated him. Plaintiff challenged the termination by submitting documents to the Merit Systems Protection Board ("MSPB") indicating he could return to work with restrictions, and the MSPB entered an order directing the Defendant to reinstate him with

restrictions. Defendant reinstated Plaintiff in November 2010, accepting the restrictions prescribed by his doctor. Defendant then failed to provide those restrictions to Plaintiff.

2. Subsequently, Plaintiff suffered a recurrence of his injury, and once again went on LWOP. A few months later, Plaintiff was referred by the USCIS District Director to Defendant's Office of Inspector General ("OIG") for investigation. This investigation referral specifically mentioned Plaintiff's disability and falsely accused Plaintiff of receiving remuneration for outside work. The OIG began an investigation into Plaintiff that lasted two years, and produced nothing derogatory on Plaintiff that was used as a basis of adverse action. In August 2014, Defendant terminated Plaintiff outside of its standard operating procedures. Its stated reason for doing so was that Plaintiff was a rehired annuitant and served at the pleasure of the agency. In fact, Plaintiff had cancelled his annuity in 2009, before he was reinstated.

3. Plaintiff continued to apply for numerous federal employment opportunities and was selected for some based on his qualifications. This includes on or about June 15, 2017, Plaintiff was informed that he was tentatively selected for a position as Enforcement and Removal Assistant with Defendant's Immigration and Customs Enforcement ("ICE"). Plaintiff was later informed that derogatory information had been disclosed from Defendant's OIG which would warrant a finding that Plaintiff was unsuitable for the position for which he was selected. Plaintiff responded to the derogatory information, twice. On May 11, 2018, ICE notified Plaintiff that it was rescinding the offer of employment because his background check was still pending.

4. Plaintiff filed federal complaints regarding his 2014 termination and the 2018 rescission of his employment offer from ICE, currently pending before the federal district court for the Northern District of Illinois, case number 18-cv-914.

5. On or about July 15, 2019, Plaintiff was informed he was tentatively selected for a position as a CIS Assistant at the USCIS Chicago Asylum Office. On August 4, 2020, after waiting over a year for security checks to complete, he was informed that USCIS was rescinding the offer because of the pending background check.

6. DHS has employed the tactic of stalling on Plaintiff's background checks until the agency "rescinds" the offer as a pretext for retaliating against Plaintiff for his prior protected activity. The prior protected activity includes but is not limited to: when he sought accommodations for his disability through the MSPB in 2010, when he challenged his termination and the OIG investigation through DHS' EEO process in 2014, and when he filed a complaint in federal court in 2018. Through this tactic, DHS has ostensibly "blacklisted" Plaintiff from federal employment opportunities for which he is qualified, and for which he was initially selected.

## Jurisdiction and Venue

7. Plaintiff brings this action under Section 501 of the Rehabilitation Act, as amended, 29 U.S.C. § 794. Plaintiff filed a claim with Defendant's Equal Employment Opportunity (EEO) Counselor on September 3, 2020 (CIS-02142-2020) regarding the rescission of the employment offer for the CIS assistant position at the USCIS Chicago Asylum Office. On February 7, 2022, the EEO issued a Final Agency Decision in the matter, dismissing his claim.

8. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1346, as this is a civil action arising under the Constitution, laws, or treaties of the United States, and the defendant is an agency of the U.S. government.

9. Venue is proper under 28 U.S.C. § 1391(e), as Defendant is an agency of the U.S. government, a substantial part of the events or omissions giving rise to this claim have occurred in this judicial district, and plaintiff resides in this judicial district. No real property is involved in this action.

**Parties**

10. Plaintiff DORED SHIBA is disabled person and former employee of Defendant. Plaintiff was hired at DHS in 2007 as an Immigration Information Officer and assigned to work at Defendant's United States Citizenship and Immigration Services ("USCIS"), Chicago Field Office. In 2014, Plaintiff was terminated from that position. Since then, he has applied to numerous positions within DHS, and was tentatively selected for some of those positions, but has not been placed in any of the positions for which he is qualified. At all relevant times, Plaintiff worked and resided in Cook County, Illinois.

11. Defendant ALEJANDRO MAYORKAS is the Secretary of the Department of Homeland Security ("DHS"), which is the parent agency for USCIS. He is sued in his official capacity.

**Factual Allegations**

12. Plaintiff is an honorably discharged Army veteran.

13. Plaintiff suffers from permanent injuries which have affected his back, neck, legs and from which he experiences chronic migraine headaches.

14. Plaintiff was hired by Defendant on or about April 1, 2007 as an Immigration Information Officer ("IIO"), a level GS-08 position. Plaintiff was assigned to Defendant's Chicago Field Office.

15. On or about June 6, 2007, Plaintiff suffered an injury while at work. Plaintiff's injury left him unable to work. Defendant unsuccessfully disputed his injury claim with the Department of Labor. Plaintiff took leave without pay until 2010.

16. In June of 2010, Defendant terminated Plaintiff. Plaintiff challenged the termination before the Merit Systems Protection Board ("MSPB"). Later in 2010, the MSPB ordered Defendant reinstate Plaintiff and accommodate restrictions recommended by his physician.

17. Plaintiff returned to work at USCIS following the MSPB decision, but Defendant did not provide the accommodations recommended by his physician. Plaintiff was also discouraged from complaining about pain or requesting accommodations. This resulted in a recurrence of his injury in 2011 and his need to take leave without pay again.

18. Shortly after Plaintiff took leave without pay a second time, the District Director of the USCIS office, Ruth Dorochoff, referred Plaintiff to Defendant's Office of Inspector General ("OIG") for investigation. Dorochoff made improperly motivated allegations to OIG about Plaintiff, including an unsubstantiated allegation that he received remuneration for inquiries made on behalf of refugees before UNHCR. Dorochoff also disparaged Plaintiff to OIG further by discussing his injury leave in order to imply Plaintiff was dishonest about his leave, stating:

> He is currently on complete and total disability and receiving OWCP benefits. He has consistently asserted that he is unable to return to work and perform the duties of his position as an Immigration Services Officer, at the same time he is acting as a representative before the UNHCR.

19. The OIG investigated Plaintiff for two years. OIG agents told Plaintiff that USCIS was looking for a reason to terminate him. OIG did not determine Plaintiff was receiving remuneration for helping refugees submit inquiries to UNHCR. OIG determined Plaintiff violated other rules, such as that he "misused his position when he contacted UNHCR to inquire on the status of Iraqi refugee cases," and "made a false statement on his employment application" when he stated he had never been fired from another job because Plaintiff had purportedly resigned from a position in the Social Security Administration in lieu of termination. OIG referred him to the U.S. Attorney for the Northern District of Illinois for criminal prosecution. The USAO declined to prosecute, noting "the case did not meet prosecution guidelines."

20. On August 18, 2014, Plaintiff was terminated by USCIS. The termination letter does not provide cause for his termination. The letter merely stated Plaintiff was a "rehired annuitant" who serves at the pleasure of the appointing agency."

21. On June 15, 2017, following a competitive selection process, Plaintiff was tentatively selected for a position with Defendant's Immigration and Customs Enforcement (ICE) as an Enforcement and Removal Assistant (ERA).

22. Plaintiff's employment as an ERA was stalled by the background check process, which upon information and belief was the result of the OIG investigation prompted by Dorochoff.

23. On May 11, 2018, Defendant's ICE rescinded the ERA position offer to Plaintiff. Defendant's letter stated in part: "In your offer, you were advised that your appointment was subject to successful completion of the security process. As of this date, your background investigation is still pending."

24. On July 15, 2019, following a competitive selection process, Plaintiff was tentatively selected for a position with Defendant's USCIS Chicago Asylum Office as a CIS Assistant.

25. Plaintiff's employment as a CIS Assistant was stalled again by the background check process. Upon information and belief this was again due to the OIG investigation prompted by Dorochoff.

26. On August 4, 2020, Plaintiff was informed that the offer was rescinded because his background investigation was still pending.

27. On September 2, 2020, Plaintiff filed an EEO complaint to the USCIS EEO Officer regarding the CIS Assistant position.

**Count I**
**Retaliation / Reprisal for Prior Protected Activity I violation of the Rehabilitation Act, as Amended and the Americans with Disabilities Act, as amended**

28. Plaintiff restates and realleges all previous paragraphs as if fully incorporated herein.

29. Plaintiff engaged in protected activity including but not limited to when he sought and obtained the order from the MSPB requiring Defendant to accommodate his disability, when he complained of disability discrimination and retaliation following his 2014 termination from USCIS, when he complained of retaliation following the rescission of his employment offer for the ICE ERA position in 2018.

30. Plaintiff was qualified for the CIS Assistant position at Defendant's USCIS Chicago Asylum Office. He was also tentatively selected for the position following a competitive selection process.

31. Defendant retaliated against Plaintiff when it failed to hire him for the CIS Assistant position at Defendant's USCIS Chicago Asylum Office. Defendant's stated reason for rescinding the offer of employment was pretext for the unlawful retaliatory conduct.

32. The conduct described above caused Plaintiff actual and emotional damages.

33. The conduct described above constituted retaliation in violation of the Rehabilitation Act, as amended, and the Americans with Disabilities Act, as amended.

## Conclusion and Prayer for Relief

WHEREFORE, Plaintiff DORED SHIBA respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, awarding:

a. Actual damages;

b. Compensatory damages;

c. Punitive damages;

d. Costs;

e. Attorney's fees; and

f. Such other relief as the Court deems just and equitable.

Respectfully submitted,
DORED SHIBA
Plaintiff

By: /s/Christina Abraham
Christina Abraham
Attorney for Plaintiff

May 5, 2022

Attorney No. 6298946
Christina Abraham, Esq.
Attorney for Plaintiff
161 N. Clark Street, Suite 1600
312-588-7150