IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DORED SHIBA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 22 C 2357 |
| ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security, | ) ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Dored Shiba filed this suit after United States Citizenship and Immigration Services (USCIS) rescinded his offer of employment, alleging retaliation in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 2000e-3, and the Rehabilitation Act, 29 U.S.C. § 794(a). The defendant, Alejandro Mayorkas, Secretary of the United States Department of Homeland Security, has moved to dismiss Shiba's complaint for lack of subject matter jurisdiction. For the reasons set forth below, the Court grants Mayorkas's motion.

### Background

In the complaint, Shiba alleges the following facts, which, at this stage, the Court accepts as true. *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 342 (7th Cir. 2018). "To determine if subject matter jurisdiction exists, [courts] look beyond the allegations in the complaint to any evidence that has been submitted regarding jurisdiction." *Iddir v. INS*, 301 F.3d 492, 496 (7th Cir. 2002).

Shiba was employed at USCIS from 2007 to 2014. He suffered a workplace injury in June 2007, and he took leave without pay in 2011 after his injury recurred. A few months later, USCIS District Director Ruth Dorochoff referred Shiba to USCIS's Office of Inspector General (OIG) for investigation. Dorochoff alleged that Shiba had "received renumeration for inquiries made on behalf of refugees before [the United Nations High Commissioner for Refugees (UNHCR)]." Compl. ¶ 18. After investigating the allegations, OIG "did not determine that [Shiba] was receiving renumeration for helping refugees submit inquiries to UNHCR" but concluded that he had misused his position as a USCIS employee and had made false statements on his employment application. *Id*. ¶ 19. OIG referred Shiba to the United States Attorney's Office for the Northern District of Illinois, which declined to prosecute, and USCIS terminated his employment in August 2014.

In May 2017, Immigration and Customs Enforcement (ICE) tentatively selected Shiba for a position as an Enforcement and Removal Assistant conditioned upon successful completion of the security process. A year later, ICE rescinded its tentative offer because Shiba's background investigation was still pending. Shiba filed a lawsuit in February 2018 alleging disability discrimination and retaliation regarding his 2007–2014 employment with USCIS, and he later amended his complaint to include the rescission of his offer of employment with ICE. That lawsuit is currently pending before another judge in this district. *See Shiba v. Dep't. of Homeland Sec.*, No. 18 C 914 (N.D. Ill.) ("*Shiba I*").

In July 2019, USCIS tentatively selected Shiba for a position as an CIS Assistant in its Chicago Asylum Office. The offer was subject to completion of a background

2

investigation and security clearance. Shiba alleges that there was a delay in his background investigation caused by of the OIG investigation. In contrast, DHS cites to a letter from Paul Hinderer, the head of the Personnel Security Division, stating that "serious issues were identified that could potentially result in the denial of a security clearance." Def.'s Rule 12(b) Mot. to Dismiss, Ex. D (dkt. no. 25). The letter also states that Shiba's background investigation and security clearance had been delayed because of a background investigation by another agency.

On August 4, 2020, USCIS rescinded its tentative offer of employment. In its letter to Shiba, USCIS stated that it was withdrawing its offer because the USCIS Office of Security and Integrity could not "determine how long it will take to adjudicate" Shiba's background investigation, and the agency had an "immediate need to fill the position in order to meet its mission requirements." Def.'s Rule 12(b) Mot. to Dismiss, Ex. F (dkt. no. 25).

Shiba filed a complaint with the USCIS Office of Equal Opportunity and Inclusion in September 2020 and filed this suit in May 2022.

## Discussion

Federal Rule of Civil Procedure 12(b)(1) permits the dismissal of complaints over which the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). In evaluating a motion under Rule 12(b)(1), a court must first determine whether the defendants raise a factual or facial challenge to subject matter jurisdiction. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). In this case, the government claims that dismissal is warranted because the amended complaint does not sufficiently allege a basis for subject matter jurisdiction. It therefore raises a facial challenge. *See id.* ("[A]

facial challenge argues that the plaintiff has not sufficiently '*alleged* a basis of subject matter jurisdiction.'"). Courts adjudicating facial challenges to subject matter jurisdiction "must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Id.* When a party moves for dismissal under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction. *See Kontos v. U.S. Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

As an initial matter, Shiba contends that the Rule 12(b)(1) motion is improper because the government has already filed an answer to his complaint. His argument lacks merit, however, because "[s]ubject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without motion, by any party or by the court itself." *Craig v. Ontario*, 543 F.3d 872, 875 (7th Cir. 2008); *see also Nick's Cigarette City, Inc. v. United States*, 531 F.3d 516, 525 (7th Cir. 2008) (holding that the government could move to dismiss for lack of subject matter jurisdiction despite not asserting that ground in its answer).

The government argues that *Department of Navy v. Egan*, 484 U.S. 518 (1988) precludes courts from reviewing grants or denials of security clearances. The Court agrees. The Supreme Court held in *Egan* that "the proposition [of appellate review] is not without limit, and it runs aground when it encounters concerns of national security, as in this case, where the grant of security clearance to a particular employee, a sensitive and inherently discretionary judgment call, is committed by law to the appropriate agency of the Executive Branch." *Id.* at 527. The Seventh Circuit relied on *Egan* in concluding that "[c]ourts . . . may not review an executive agency's decision to fire a person who is ineligible for a security clearance." *Whitney v. Carter*, 628 F. App'x.

4

446, 447 (7th Cir. 2016).[1]

      Shiba responds by relying on *Rattigan v. Holder*, 689 F.3d 764 (D.C. Cir. 2012), in which the D.C. Circuit held that in this context, a plaintiff's "Title VII claim may proceed . . . if he can show that agency employees acted with a retaliatory or discriminatory motive in reporting or referring information that they knew to be false." *Id.* at 771. Shiba argues that because he has alleged that Dorochoff "*falsely* accused Plaintiff of receiving renumeration for outside work" and that "OIG did not determine Plaintiff was receiving remuneration for helping refugees submit inquiries to UNHCR," Compl. ¶¶ 2, 19 (emphasis added), this case falls within *Rattigan*'s exception to the general absence of jurisdiction to review agencies' security clearance-related decisions. In contrast, the government contends that (1) this Court is not bound by and should not follow *Rattigan* and that (2) unlike in *Rattigan*, there was no "knowingly false" report in this case because OIG has determined that Shiba engaged in misconduct.

---

[1] Although neither the Supreme Court nor the Seventh Circuit has said in so many words that this is a jurisdictional question, other district courts and courts of appeals have concluded that the issue is appropriate for a Rule 12(b)(1) motion. *See, e.g.*, *Whitney v. Dep't of Defense*, No. 14 C 1598, 2015 WL 13035051, at *1 (S.D. Ind. Feb. 25, 2015), *aff'd*, 826 F. App'x. 446 (7th Cir. 2016) ("The issue presented is whether the court has jurisdiction to challenge the DoD's denial of Plaintiff's eligibility to hold a non-critical sensitive position. Pursuant to *Department of the Navy v. Egan*, 484 U.S. 518 (1988) and *Kaplan v. Conyers*, 733 F.3d 1148 (Fed. Cir. 2013), the court finds it does not."); *Hill v. White*, 321 F.3d 1334, 1335–36 (11th Cir. 2003) (plaintiff's challenge of the "initiation of the security clearance investigation" was "not within the jurisdiction of the courts"); *Becerra v. Dalton*, 94 F.3d 145, 149 (4th Cir. 1996) ("[T]he district court held that it lacked subject matter jurisdiction to review the merits of the Navy's decision to investigate the plaintiff or its ultimate security clearance decision. We agree."); *Burns-Ramirez v. Napolitano*, 962 F. Supp. 2d 253, 257 (D.D.C. 2013) ("To the extent that [the plaintiff] challenges decisions by security personnel to investigate, suspend, or revoke her Security Clearance, *Egan* makes such claims nonjusticiable, and the Court lacks jurisdiction to address them.").

Even were the Court to follow *Rattigan* and conclude that Dorochoff's referral was knowingly false, subject matter jurisdiction would still be lacking here, because deciding this case would require review of a security clearance-related decision. In *Rattigan*, the D.C. Circuit made it clear that it "adhere[s] to [its] holding that *Egan*'s absolute bar on judicial review *covers only security clearance-related decisions* made by trained Security Division personnel and does not preclude all review of decisions by other FBI employees who merely report security concerns." *Rattigan*, 689 F.3d at 768 (emphasis added); *see also Burns-Ramirez v. Napolitano*, 962 F. Supp. 2d 253, 257 (D.D.C. 2013) ("*Rattigan I* and *II* are clear that *security personnel decisions regarding whether to investigate, suspend, or revoke a clearance are protected from review*, but the actions of other employees who knowingly and falsely refer a matter for investigation due to discrimination or retaliation are not protected from review.") (emphasis added). Shiba is already challenging Dorochoff's referral in *Shiba I*, and the government's summary judgment motion in that case is currently pending before another judge in this district. His complaint in this case—which cannot appropriately be a duplicate of *Shiba I*—attacks the rescission of his CIS Assistant position with USCIS's Chicago Asylum Office. The record is clear, however, that the offer was rescinded because it was uncertain if Shiba would obtain the necessary security clearance and the agency needed to fill the position immediately. And even if the delay in the background investigation was "due to the OIG investigation prompted by Dorochoff," the complaint itself alleges that Shiba's employment was "stalled [] *by the background check process*." Compl. ¶¶ 25, 26 (emphasis added). As a result, the government is entitled to dismissal of this suit, because a court "may not review an executive agency's decision to fire a

person who is ineligible for a security clearance." *Whitney*, 628 F. App'x at 447 (*citing El–Ganayni v. Dep't of Energy*, 591 F.3d 176, 182 (3d Cir. 2010); *Hall v. Dep't of Labor*, 476 F.3d 847, 853 (10th Cir. 2007); *Bennett v. Chertoff*, 425 F.3d 999, 1001 (D.C. Cir. 2005)).

## Conclusion

For the reasons stated above, the Court grants the defendant's motion to dismiss [dkt. no. 25] and directs the Clerk to enter judgment dismissing this case for lack of subject matter jurisdiction.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 5, 2023